## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BRIAN DEJEAN DESHOTEL,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-08-319** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, TDCJ-CID,** | § | |
| **Respondent.** | § | |

## ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging the results of a disciplinary proceeding. Pending is petitioner's second motion for appointment of counsel (D.E. 34).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. At this point there are no issues which mandate an evidentiary hearing, and appointment of counsel is not warranted. There is a recommendation pending before the District Court that the petition be dismissed because petitioner is not eligible for release to mandatory supervision; hence he has no liberty interest in the loss of good time (D.E. 31).

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing.  Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident.  Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's second motion for appointment of counsel (D.E. 34) is denied without prejudice.

ORDERED this 6th day of March, 2009.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE